McKinney, J.,
delivered the opinion of the Court.
This case seems to have been treated as if it were a controversy between the parties about a matter of private right. Such is not the case. It is a contest about the establishment of a public road, to which the Justices of the County Court of Hreene — who are, under our law, the proper representatives of the public in this matter — ought to have been the parties on the one side, and the plaintiff in error here, Evans — who im *72 pugns the action of said Justices, in regard to the establishment of said road — the party on the other side.
It appears that, at the January session, 1857, of the County Court of Greene, William Shields, together with several other citizens of said county, presented a petition to said Court, asking the appointment of a jury of view to lay off a third class road, therein specifically described. It was also asked in the petition, that the jury should assess such damages as any owner of land might, in their opinion, sustain by reason of said road running through his land.
The prayer of the petition was granted, and a jury was appointed accordingly. The jury made their report in substantial conformity with the petition; and assessed the damages of Evans — through whose field the road was laid off — at two dollars. Before confirmation of said report, Evans applied to be made a defendant to the proceeding, which was allowed; and, thereupon, he filed exceptions to the report, and offered proof impeaching the same. The Court disallowed the exceptions, and “ confirmed said report in all things, except that part assessing the damages of two dollars to James Evans; which question of darpages the Court left open;” and adjudged that Evans should pay all the costs of the case. Thereupon, Evans prayed an appeal to the Circuit Court, which was granted.
In the Circuit Court the case was docketed, and prosecuted throughout, in the names of “William Shields and others, plaintiffs, and James Evans, defendant.” They were likewise regarded as the real parties in the County Court, and the bond for the prosecution of the appeal from the County to the Circuit Court, was taken payable to Shields; as was, also, the bond for the appeal in error to this Court.
At the first term of the Circuit Court after the appeal, a motion was made on behalf of the so-called plaintiffs, to dismiss the same, on the ground that no such final judgment had been rendered in the case, by the County Court, as could be appealed from. This motion was refused. And, thereupon, the Judge, then presiding, directed that issues of fact should *73 be submitted to a jury, to inquire and determine, first, whether the road, as laid off, was of public utility; second, whether it had been laid off in the most convenient place; and third, what damages Evans would sustain.
On the trial of these issues, a great number of witnesses were introduced on both sides. The jury responded affirmatively to the two first issues; and upon the third, they assessed the damages at fifteen dollars. Upon this finding of the jury, the Court adjudged, that the judgment of the County Court, confirming the report of the jury, be affirmed; and that the case be remanded to the County Court, to the end that said road be established according to law; and rendered judgment against Evans for the costs. But the Court declined to render any judgment in favor of Evans for the damages found by the jury, on the ground that the issue, upon that point, was an immaterial one. Erom this judgment, an appeal in error was prosecuted to this Court.
The entire proceedings in this case, from the return of the report of the jury into the County Court, are without precedent, so far as we are aware; and, in our judgment, are irregular and erroneous.
The judgment of the County Court, upon the report of the jury, was imperfect, and not such a final judgment as an appeal would lie from. The case, so far as the matter of damages is concerned, was left in the County Court undisposed of; and so far as the report was confirmed, there was no judgment establishing the road. The motion made in the Circuit Court, to dismiss the appeal, was, therefore, proper, and should have been allowed.
But the proceedings are irregular for want of the proper parties. Shields is no party to the record, by reason of the fact of his having presented the petition; and even if it would have been allowable to have made him a party, instead of the Justices of the County Court, it is enough to say, that no such thing was done. But it is impossible to maintain, as it seems to us, that it would be competent to the Justices of the County *74 Court to devolve tbe power and trust confided to them, on behalf of the public, to a private and irresponsible individual, and thus, in effect, leave the important matter of the establishment and regulation of the public roads of the county to be controlled by the interests, prejudices, or resentments of private individuals. This cannot be tolerated. As before stated, the proper and necessary parties in all such cases, are the Justices, on the one side, and the party “interested or aggrieved in the premises,” on the other.
On this ground, the proceeding ought to have been either dismissed, or an amendment made bringing before the Court the proper parties.
Again: We are aware of no power in the Circuit Judge, in such cases, to submit issues of fact to a jury. The jurisdiction of the roads, and other matters of county police, is conferred by statute upon the County Courts, exclusively. The jurisdiction of the Circuit Court, in such cases, is merely appellate. If, therefore, the County Court had no power to have referred the determination of the facts to a jury, it would be difficult to maintain that the Circuit Court, on appeal, being possessed of no greater, power, in the given case, would be authorized to do so. But even if such an inherent power were admitted to exist in the Circuit Court, we think its exercise would be inexpedient, and ought not to be sanctioned. If the responsibilities of this most important jurisdiction are to be, at pleasure, transferred from the Courts to juries, we will soon find the community involved in scenes of litigation and strife, alike intolerable and ruinous.
These difficulties seem to have been felt by the Judge who presided on the trial of the case, but he felt himself embarrassed and committed, by the previous action of a different Judge.
The result is, that the judgments of both the Circuit and County Courts must be reversed, including the order of the County Court confirming, in part, the report of the jury of view; and the case will be remanded to the County Court, *75 for proper proceedings, and judgment upon said report of the jury-
As regards the costs which have accrued since the return of the report of the jury of view, as well in this Court as in the Circuit and County Courts, no judgment can be rendered for want of the proper parties; and the result is, that witnesses, and the officers of Court, must be left to seek redress from the parties by whom they were respectively summoned, or for whom they may have rendered service, so far as said parties may be liable by law.
Judgment reversed.